**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| **In re:**<br><br>**ON-LINE TRAVEL COMPANY (OTC) HOTEL BOOKING ANTITRUST LITIGATION** | **Case No. 3:12-MD-2405-B**<br><br>(This document is filed on behalf of the Plaintiffs in 3:13-cv-00090-B; 3:13-cv-00048-B; 3:12-cv-05269-B; 3:13-cv-00067-B; 3:12-cv-05206-B; 3:13-cv-00047-B; 3:13-cv-00049-B; 3:13-cv-00050-B; 3:12-cv-05291-B; 3:12-cv-05299-B; 3:13-cv-00055-B; 3:13-cv-00068-B; 3:13-cv-00057-B; 3:13-cv-00052-B; 3:13-cv-00051-B; 3:13-cv-00056-B; 3:13-cv-00053-B; 3:12-cv-05189-B; 3:13-cv-00054-B; 3:13-cv-00089-B) |
|---|---|

# ORIGINAL AND CONSENSUS PLAINTIFFS' POSITION STATEMENT

Twenty-two Plaintiffs in 20 of the 31 cases (the "Consensus Plaintiffs") transferred by the Judicial Panel on Multi-District Litigation to this Court, including Plaintiffs Nikita Turik and Eric Balk who filed the first complaint triggering this MDL (the "Original Plaintiffs"),[1] respectfully submit this brief to set forth their suggestions in response to the January 25, 2013 Order Setting Status Conference.

## I. This Court Should Appoint Hagens Berman Sobol Shapiro LLP as Interim Lead Counsel and Stanley Iola as Liaison Counsel

The Consensus Plaintiffs respectfully suggest that the Court should address the issue of appointment of lead counsel for the putative class as soon as possible so that the case may move forward in an organized fashion. Now, or at a time set by the Court, the Consensus Plaintiffs will apply for an order appointing Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel and Stanley Iola LLP ("Stanley Iola") as Liaison Counsel for the putative class.

[1] *See* Appendix in Support of Original and Consensus Plaintiffs' Position Statement, APP 5-19, for the full list of Plaintiffs, cases and law firms supporting this Position Statement.

Federal Rule of Civil Procedure 23(g)(3) permits the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In selecting lead counsel, the Court should consider the following factors:[2] (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. We briefly address the firms' qualifications so the Court can assess our experience while considering the case management issues addressed below.

**A. Hagens Berman**

Based on these factors, the Consensus Plaintiffs request the Court appoint Hagens Berman as Lead Counsel for the following reasons:

**1. *After a thorough investigation, Hagens Berman developed and filed the first case.*** Hagens Berman initiated this litigation, thoroughly investigating, analyzing and cogently presenting the underlying facts and operative legal theories before filing suit. While the United Kingdom's Office of Fair Trading ("OFT") issued a Statement of Objections alleging that Booking.com B.V., Expedia Inc. and InterContinental Hotels Group plc violated competition law, the OFT did not publish detailed findings. Rather, Hagens Berman examined the industry, reviewed documents from and interviewed third-party industry insiders, retrieved historical pricing data, and researched industry pricing policies and enforcement. Hagens Berman fully vetted and filed the first complaint with substantial supporting evidence.

**2. *Hagens Berman has the resources and experience to lead this antitrust MDL.*** Hagens Berman has the resources to lead this litigation, a nation-wide presence, is recognized as

[2] Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider any other matter pertinent to counsel's ability to fairly represent the putative class. *Id.* at 23(g)(1)(B).

one of the top law firms in the United States, and has extensive antitrust experience, as well as specific experience with on-line travel company pricing and charges. Not only did Hagens Berman serve as co-lead counsel in *In re Visa Check/MasterMoney Antitrust Litig.*, No. 96-cv-05238 (E.D.N.Y.), one of the largest civil antitrust recoveries to date, but also was lead counsel in *Expedia Hotel Taxes and Fees Litigation* (Wash. St. Ct.), obtaining summary judgment to recover deceptive service fees on hotel room bookings with Expedia for the certified nationwide class and ultimately settling the case for $123.4 million. *See* APP 21-51 (Firm Resume).

Hagens Berman will devote the resources necessary to aggressively prepare a case for trial. To do so, Hagens Berman will rely on several of the firm's most experienced antitrust litigators and trial lawyers, including founder and Managing Partner, Steve W. Berman, as well as partners Elizabeth A. Fegan, Jeff D. Friedman, and George W. Sampson.[3] Of particular note, Mr. Berman has served as lead counsel in antitrust, securities, consumer, products liability, employment class actions, and complex litigations throughout the country, including MDL actions. For example, Mr. Berman was the lead trial lawyer in:

- *In re Pharm. Indus. Average Wholesale Price Litig*., MDL No. 1456 (D. Mass.), where Mr. Berman tried the class case against four manufacturers and successfully argued the appeal of the verdict before the First Circuit;
- *New England Carpenters v. First DataBank, et al.*, No. 05-11148-PBS (D. Mass.), where Hagens Berman achieved a $350 million settlement eleven days before trial was scheduled to start on behalf of a nationwide class of private payors that purchased prescription brand name drugs;
- *In re Charles Schwab Corp. Secs. Litig*., No. 08-cv-1510 (N.D. Cal.), a recent securities class action that settled during the course of argument on *in limine* motions for approximately $235 million or a 42.5% recovery for the federal class and an 80% recovery for the California class, once again on the eve of trial; and
- *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prods. Liab. Litig*., No. 8:10ML2151 JVS (FMOx) (C.D. Cal.), in which Judge James V. Selna *sua sponte* identified Mr. Berman as a presumptive co-lead counsel when Judge Selna was assigned the Toyota MDL. A settlement of that case was just recently announced, and is valued in excess of $1.2 billion.

[3] Each of their biographies is included. *See* APP 48-51.

APP 22-51. Perhaps most notable is Mr. Berman's role as a special assistant attorney general for the states of Washington, Arizona, Illinois, Indiana, New York, Alaska, Idaho, Ohio, Oregon, Nevada, Montana, Vermont, and Rhode Island in the landmark *Tobacco Litigation*. That case resulted in the largest settlement in history, a settlement that occurred while Mr. Berman was in trial in *State of Washington v. Philip Morris, et al.*

**3. *Hagens Berman developed a leadership consensus that comprises a brain trust of the best antitrust lawyers in the United States.*** Hagens Berman devoted extensive time successfully developing a leadership consensus among Plaintiffs' counsel. The majority of MDL firms recognized Hagens Berman's leadership role in investigating and initiating this matter and agreed Hagens Berman should be appointed Lead Counsel. That consensus includes top-tier antitrust Plaintiffs' firms throughout the United States. *See* APP 5-19. This consensus group has demonstrated their ability to work together,[4] and are prepared to share the risk of litigating and expense with Hagens Berman. The Consensus Plaintiffs know that Hagens Berman will efficiently manage the work so as to reduce duplication of effort while maximizing their co-counsel's collective knowledge and experience.[5]

**B. Stanley Iola**

The Consensus Plaintiffs also request the Court appoint Stanley Iola as Liaison Counsel. Marc Stanley of Stanley Iola is Board Certified in Civil Trial Law by the Texas Board of Legal Specialization, is a past President of Texas Trial Lawyers Association, and has been named a Texas Super Lawyer since 2003 (the first year the list was published). Mr. Stanley regularly

[4] *See, e.g.*, APP 52-54 (Letter to Travelocity's counsel dated February 7, 2013).

[5] To that end, Consensus Plaintiffs propose Guidelines To Limit Costs And Expenses, Including Attorneys' Fees ("Guidelines"). *See* APP 55-60. The Guidelines reflect the Consensus Plaintiffs' understanding of the need to monitor attorney billing and expenses in order to minimize duplicative or unnecessary work. Thus, the Guidelines reflect the dual interest of balancing efficiency with the need to maintain quality and thoroughness in prosecuting this case. Similar guidelines were recently approved in *In Re Carrier IQ, Inc., Consumer Privacy Litig.*, No. 12-md-2330-EMC (N.D. Cal.). *See* APP 61-62 (September 10, 2012 Order).

practices before this Court, concentrating his practice on complex commercial litigation. He has served as court-appointed class counsel and liaison counsel in numerous class actions, including antitrust matters. *See* APP 158-160. Mr. Stanley and Stanley Iola will work with Plaintiffs to ensure this Court's procedures are followed and expectations are met, and Plaintiffs work efficiently towards a successful resolution.

## II. Consolidation Of The MDL Cases Is Appropriate

Pursuant to Local Rule 42.1, as well as the Transfer Order from the JPML, consolidation of the cases for pre-trial proceedings is appropriate. Lead Counsel will file a single Consolidated Amended Complaint, incorporating the allegations and claims applicable to all cases, thereby providing the Court with a single vehicle relative to which motions and discovery will proceed.[6]

## III. Whether The Appointment Of A Special Master May Aid In Resolution Of The MDL

Plaintiffs believe this issue should be addressed at a later date when the parties can see how the case is progressing and assess whether a Special Master would be helpful to resolution.

## IV. Proposed Case Management Orders or Methods, Including Scheduling

### A. Scheduling

#### a. Travelocity Arbitration Demand

On or about February 4, 2013, Travelocity served letters on all Plaintiffs (regardless of whether the Plaintiff purchased through Travelocity), demanding that Plaintiffs withdraw their claims, pursuant to an alleged arbitration clause and waiver of class claims in the Travelocity User Agreement. Plaintiffs suggest the following schedule for the resolution of this issue (which affects Travelocity only):[7]/[8]

---

[6] Moreover, all filings should be made in one consolidated MDL docket so that all Plaintiffs have access to and notice of any filings by any other party.

[7] The Consensus Plaintiffs suggested this procedure to Travelocity via letter dated February 7, 2013, and conferred with Travelocity's counsel via telephone. Travelocity agreed in principle to this proposal.

[8] This same procedure is currently being utilized in *In re Carrier IQ, Inc. Consumer Privacy Litig.*, Case No. C-12-md-2330-EMC (N.D. Cal.). *See* APP 63-70 (Stipulation And Order For Continuance Of Time For Defendants To File Motion(s) To Compel Arbitration And Regarding A Briefing Schedule).

| | |
|---|---|
| Travelocity to file its motion to compel arbitration | 14 days after the appointment of Lead Counsel for the Plaintiffs |
| Plaintiffs shall serve arbitration related discovery, if any | Within 14 days after the filing of the motion to compel arbitration |
| Defendant will serve its responses and objections to Plaintiffs' arbitration-related discovery requests | Within 30 days of receiving the requests |
| Plaintiffs' opposition to Travelocity's motion to compel arbitration | Within 40 days of the completion of arbitration discovery, or denial of any motions to compel arbitration related discovery |
| Defendant's reply, if any, in support of its motion(s) to compel arbitration | Within 30 days after the filing of Plaintiffs' Opposition. |

With respect to the remaining Defendants, Plaintiffs propose the following schedule:

| | | |
|---|---|---|
| Initial Discovery Period | Defendants to produce Government Investigation Documents (defined below) | Within 30 days of the initial status conference |
| | The parties are to confer during this period and present to the Court for approval: (i) a Protective Order; (ii) a Protocol for the Production of Electronically-Stored Information; (iii) a proposed Discovery Plan. | Within 30 days of filing of Consolidated Amended Complaint |
| Initial Pleadings | Plaintiffs to file Consolidated Amended Complaint | Within 60 days of appointment of Lead Counsel |
| | Defendants to answer or otherwise plead | Within 60 days of filing of Consolidated Amended Complaint |
| | Plaintiffs to respond to any motions to dismiss | Within 45 days of filing of motion to dismiss |
| | Defendants to file reply in support of motion to dismiss | Within 30 days of filing of response to motion to dismiss |
| Discovery prior to class certification | Discovery begins pursuant to a Court-approved Discovery Plan | At such time as agreed to by the parties or on a schedule set by the Court. |
| | Discovery closes pursuant to Court-approved Discovery Plan | Nine months after discovery commences |
| Plaintiffs' Motion For Class Certification | Plaintiffs' Motion For Class Certification, together with any expert reports | Within 30 days of the close of discovery |
| | Defendants to take the depositions of Plaintiffs' experts | Within 45 days of the filing of Plaintiffs' Motion |

| | | |
|---|---|---|
| | Defendants to file their response to the Motion For Class Certification, together with any expert reports | Within 60 days of the filing of Plaintiffs' Motion |
| | Plaintiffs to take the depositions of Defendants' experts, if any | Within 45 days of the filing of Defendants' Response |
| | Plaintiffs to file their reply, together with any expert rebuttal reports | Within 60 days of the filing of Defendants' Response |
| | Defendants to take the depositions of any rebuttal experts | Within 14 days of the filing of Plaintiffs' Reply |
| Remaining Schedule | The parties to confer on and present a schedule to the Court with respect to any remaining discovery to be conducted in light of the Court's decision on class certification, as well as the schedule for dispositive motions, and Rule 26(a)(2) expert discovery | Within 14 days of the Court's ruling on Plaintiffs' Motion For Class Certification |

### B. Discovery Management Proposals

#### a. Early Production of Documents Produced to the OFT ("Government Investigation Production")

Documents previously produced to governmental entities are appropriate for early production in civil litigation due to the limited burden entailed in such a production. Here, at least three Defendants (Booking.com, Expedia and Intercontinental) have a Government Investigation Production that has been culled for relevancy and privilege in responding to the OFT's investigation and Statement of Objections. Other Defendants may have done the same in response to investigations by competition authorities. Thus, the early production of the Government Investigation Productions is a way to expedite discovery in complex litigation and to reduce burden. For this reason, several MDL courts have entered early case management orders requiring the production of Government Investigation Productions before the filing of the Consolidated Amended Complaint. For example, in *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Prods. Liab. Litig.*, No. 8:10ML2151 JVS (FMOx)

(C.D. Cal.), Judge Selna ordered that the Government Investigation Productions be produced 30 days before the due date for the Consolidated Amended Complaint, stating:

> … the Court is convinced that defendants have within their possession a defined set of documents, consisting of approximately 75,000 to 100,000 pages, much or all of which is likely to be discoverable, and which has already been produced to Government entities to date, including without limitation to the United States Congress and National Highway Traffic Safety Administration. Those documents which are discoverable under Federal Rules of Civil Procedure shall be produced no later than July 2, 2010.

APP 141.[9] That same procedure would be equally applicable here.

**b. Discovery Plan**

There are a multitude of methods for managing discovery prior to Plaintiffs' Motion For Class Certification that permit Plaintiffs access to relevant information, while balancing Defendants' desire to reduce burden and expense. Examples follow, which would be the subject of the meet and confer with Defendants within 30 days of the Consolidated Amended Complaint:

- ***Production of relevant transactional data***: The production of transactional data is relevant to Plaintiffs' demonstration of antitrust impact across the Class in their Motion For Class Certification, as well as their ability to demonstrate that class-wide damages can be calculated from available data. For this reason, the transactional data must be prioritized.
- ***Prioritized custodian files***. Prior to class certification, Plaintiffs propose to conduct targeted discovery that requires the parties to share information, whether through truncated written discovery (*e.g.*, organizational charts together with voluntary information) or depositions pursuant to Fed. R. Civ. P. 30(b)(6) that permit Plaintiffs to identify the key custodians by Defendant. Plaintiffs would then identify centrally-

[9] *See also* APP 71-73 (*In re Pharm. Indus. Average Wholesale Price Litig*., MDL No. 1456, No. 01-12257-PBS (D. Mass.) (Case Management Order No. 5 dated October 28, 2002) (ordering defendants to produce: "A copy of the set or sets of documents, if any, previously produced by a defendant to any federal or state executive or legislative agency or entity in connection with any investigation into, in whole or in part, the use of the average wholesale price ("AWP") in the pricing or reimbursement of a drug manufactured by that defendant during the Class Period.")); APP 74-78 (*Government Emps. Hosp. Ass'n et al. v. Serono Labs, Inc*., No. 05-11935 (D. Mass.) (Order on Plaintiffs' Motion To Enforce Court Order) (ordering defendants to "produce all non-work product, non-privileged documents previously produced to the Government in any federal or state criminal investigation, grand jury investigation, or false claims act investigation concerning the development, manufacture, marketing, pricing, or sale of the drug Serostim.")).

located files and a reasonable set of custodian files to be searched and produced for each Defendant as a first wave, subject to supplementation at an appropriate time.[10]

**c. Protocol for the Production of Electronically-Stored Information**

Because this case focuses on the online travel system, the majority of the documents in this matter will likely be maintained and produced electronically. Plaintiffs thus propose a Protocol for the Production of Electronically-Stored Information ("ESI Protocol") that requires the native production of documents for several reasons.[11] *See* APP 87-101.

First, a native production ensures that the documents will be produced as they are created in the ordinary course of business, preserving a reviewing party's ability to search documents that have not been destroyed or degraded. Native productions ensure that metadata productions are complete and searchable, enabling efficient management and review of documents.[12]

A native production is also less burdensome, lowering Plaintiffs' document review costs and significantly increasing their ability to organize and search for documents. And, native file productions have lower administrative costs as they do not require the same file processing time and vendor costs associated with alternative production formats such as PDF or Tagged Image File Format ("TIFF").[13] Moreover, if documents are converted from native to other production formats, important information can be lost, such as imbedded mathematical formulae in Excel spreadsheets, tracked changes in Word documents and color in PowerPoint presentations.

[10] A similar procedure was recently used in *In re Optical Disk Drive Antitrust Litig*., 3:10-md-2143 (N.D. Cal.). *See, e.g.*, APP 79-86 (Order Regarding Discovery Matters dated December 14, 2012).

[11] Plaintiffs also propose a Preservation Order. APP 136-138. This order is based on the Preservation Order entered in *In Re: Nexium (Esomeprazole) Antitrust Litig*., MDL No. 2409 (D. Mass.). APP 102-105.

[12] *See, e.g.*, *Osborne v. C.H. Robinson Co.*, 2011 U.S. Dist. LEXIS 123168, at *19 (N.D. Ill. Oct. 25, 2011) ("PDF and TIFF files have a static format that can be advantageous, but they can also be time consuming to create and lose searchable text and metadata that might enable the parties to more efficiently digest the information.") (citation omitted).

[13] *See, e.g.*, *Covad Communs. Co. v. Revonet, Inc.*, 254 F.R.D. 147, 150 (D.D.C. 2008) ("I will assume that the e-mails at issue exist in what I have called their native format and can be copied onto a CD with a couple of keystrokes. Obviously, printing them or converting them to TIFF files probably (and ironically) costs more so Revonet is hard pressed to claim that producing them now in their native format is unfairly burdensome.").

#### d. Discovery Disputes

In any case, but particularly one with numerous Plaintiffs and Defendants, discovery can get quickly bogged down in discovery disputes with lengthy briefing. Several MDL courts have thus used procedures to allow discovery disputes to be resolved efficiently. For example, in *In re Bayer Combination Aspirin Sales & Mktg. Practices Litig.*, No. 09-md-2023 (E.D.N.Y.), and *In re Vitamin C Antitrust Litig.*, MDL No. 1738 (E.D.N.Y.), the Honorable Brian Cogan's Individual Practices require the parties to describe their discovery disputes in a single three-page letter, jointly composed. The court then rules on the dispute or orders additional briefing.[14] Similarly, in *In Re: Nexium (Esomeprazole) Antitrust Litig*., MDL No. 2409 (D. Mass.), the Honorable William G. Young handles discovery disputes like baseball arbitration: each side states their position on a disputed issue in a paragraph or less and the court then chooses the most reasonable position.[15] These types of approaches substantially reduce unnecessary motion practice and allow the Court to more efficiently resolve disputes and control the docket.

### C. Proposed Protective Order

The Original and Consensus Plaintiffs propose a Protective Order modeled from the Stipulated Protective Order of Confidentiality approved by the Honorable Ed Kinkeade in *In re DePuy Orthopaedics Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, No. 3:11-MD-2244-K (N.D. Tex. May 7, 2012). APP 106-118 (Proposed Order), APP 119-135 (Order in *In re DePuy*).

---

[14] *See* Individual Practices Of Judge Brian M. Cogan, § III.A.1, available at https://www.nyed.uscourts.gov/content/judge-brian-m-cogan (last accessed February 6, 2013).

[15] *See* example at APP 105.

Dated: February 20, 2013

Respectfully Submitted,

By: */s/ Marc R. Stanley*

Marc Stanley
STANLEY IOLA LLP
3100 Monticello Avenue, Suite 750
Dallas, TX 75205
Telephone: (214) 443-4300
Facsimile: (214) 443-0358
marcstanley@mac.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 W. Lake St., Suite 400
Oak Park, IL 60301
Telephone: (708) 628-4960
Facsimile: (708) 628-4950
beth@hbsslaw.com

Kit A. Pierson
Meghan M. Boone
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
kpierson@cohenmilstein.com
mboone@cohemnilstein.com

Eugene A. Spector
Jeffrey J. Corrigan
Jay Cohen
SPECTOR ROSEMAN
KODROFF & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
espector@srkw-law.com

Ruthanne Gordon
Michael C. Dell'Angelo
Candice J. Enders
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
rgordon@bm.net
mdellangelo@bm.net
cenders@bm.net

Eric H. Gibbs
Dylan Hughes
Scott Grzenczyk
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Joseph W. Cotchett
Steven N. Williams
COTCHETT, PITRE & MCCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

Nancy Kaboolian
Natalie S. Marcus
ABBEY SPANIER RODD & ABRAMS, LLP
212 East 39th Street
New York, NY 10016
Telephone: (212) 889-3700
nkaboolian@ eyspanier.com
nmarcus@abbeyspanier.com

Laurence D. Paskowitz
THE PASKOWITZ LAW FIRM, P.C.
208 East 51st Street, Suite 380
New York, NY 10022
Telephone: (212) 685-0969
lpaskowitz@pasklaw.com

Will Riley
PRICE WAICUKAUSKI & RILEY, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-8787

Daniel J. Mogin
THE MOGIN LAW FIRM, P.C.
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 687-6611
Facsimile: (619) 687-6610
dmogin@moginlaw.com

Ronen Sarraf
Joseph Gentile
SARRAF GENTILE LLP
450 Seventh Avenue, Suite 1900
New York, NY 10123
Telephone: (212) 868-3610
Facsimile: (212) 918-7967
ronen@sarrafgentile.com
joseph@saffafgentile.com

Irwin B. Levin
Richard E. Shevitz
Scott D. Gilchrist
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
Facsimile: (317) 636-2593

Laurence D. King
Linda M. Fong
KAPLAN FOX & KILSHEIMER LLP
350 Sansoll1c Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 772-4700
Facsimile: (415) 772-4707
lking@kaplanfox.com
lfong@kaplanfox.com

Justin B. Farar
KAPLAN FOX & KILSHEIMER LLP
11111 Santa Monica Blvd, Suite 620
Los Angeles, CA 90025
Telephone: (310) 575-8670
Facsimile: (310) 575-8697
jfamr@kaplanfox.com

David E. Bower
FARUQI & FARUQI, LLP
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
dbower@faruqilaw.com

Joseph T. Lukens
Richard D. Schwartz
FARUQI & FARUQI, LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
Telephone: (215) 577-5770
Facsimile: (215) 577-5771
jlukens@faruqilaw.com
rschwartz@faruqilaw.com

Guido Saveri
R. Alexander Saveri
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813
guido@saveri.com

Brian J. Barry
LAW OFFICES OF BRIAN BARRY
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (323) 522-5584
bribarry1@yahoo.com

Douglas A. Millen
Donald L. Sawyer
FREED KANNER LONDON &MULLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4521
doug@fklmlaw.com

Christian M. Sande
Christian Sande LLC
310 Clifton Avenue, Suite 300
Minneapolis, MN 55403
Telephone: (612) 387-1430
Facsimile: (612) 677-3078

Joseph R. Saveri
Lisa Jennifer Leebove
SAVERI LAW FIRM
255 California, Suite 450
San Francisco, CA 94111
Telephone: (415) 500-6800
Facsimile: (415) 500-6803
Email: jsaveri@saverilawfirm.com
lleebove@saverilawfirm.com

Vincent J. Esades
Renae Diane Steiner
HEINS MILLS &OLSON, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
vesades@heinsmill rsteiner@heinsmills.com

Lee Albert
Brian Murray
GLANCY BINKOW & GOLDBERG LLP
30 Broad Street, Suite 1401
New York, NY 10004
Telephone: (212) 382-2221

Brett Cebulash
Kevin Landau
TAUS CEBULASH & LANDAU LLP
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone: (212) 931-0704

John Emerson
EMERSON POYNTER LLP
The Museum Building
500 President Clinton Avenue
Suite 305
Little Rock, AR 72201
Telephone: (501) 907-2555
Facsimile: (501) 907-2556

Craig C. Corbitt
Christopher T. Micheletti
Judith A. Zahid
Demetrius Xavier Lambrinos
ZELLE HOFMANN VOELBEL
& MASON LLP
44 Montgomery Street Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
ccorbitt@zelle.com
cmicheletti@zelle.com
jzahid@zelle.com
dlambrinos@zelle.com

Todd A. Seaver
BERMAN DEVALERIO
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
tseaver@bermandevalerio.com

Ralph B. Kalfayan
KRAUSE KALFAYAN BENINK
& SLAVENS, LLP
550 W. C Street, Suite 530
San Diego, CA 92101
Telephone: (619) 232-0331
Facsimile: (619) 232-4019
Ralph@kkbs-law.com

Paul Mark Sandler
SHAPIRO SHER GUINOT AND SANDLER
36 S Charles St., Suite 2000
Baltimore, MD 21201
Telephone: (410) 385-0202
Facsimile: (410) 539-7611
pms@shapirosher.com

Howard Sedran
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (877) 882-1011

Roger Mandel
LACKEY HERSHMAN LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, TX 75219-4241
Telephone: (214) 560-2201
Facsimile: (214) 560.2203

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 20, 2013 the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

*/s/ Marc R. Stanley*
Marc R. Stanley